# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2097

_____

United States of America,         *
                                   *

     Plaintiff - Appellee,      *
                                   *   Appeal from the United States

v.                            *   District Court for the
                                   *   Southern District of Iowa.

Kris Erhardt Koestner,      *

                                   *     [PUBLISHED]

     Defendant - Appellant.    *

_____

Submitted: December 17, 2010
Filed: December 23, 2010

_____

Before LOKEN and BYE, Circuit Judges, and MARSHALL,[*] District Judge.

_____

PER CURIAM.

Kris Koestner pleaded guilty to one count of tampering with a witness, 18 U.S.C. § 1512(b)(3), to cover up the fraudulent use of food stamp benefits at his grocery store in Centerville, Iowa. Consistent with the written plea agreement, the district court[1] sentenced Koestner to one year of probation. However, noting that

_____

[*] The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.

[1] The Honorable Robert W. Pratt, Chief Judge of the United States District Court for the Southern District of Iowa.

Koestner was a "millionaire," the court also imposed a $100,000 fine, an amount that was $70,000 above the advisory guidelines range, see U.S.S.G. § 5E1.2(c)(3), but well-within the statutory maximum for the offense, $250,000, see 18 U.S.C. § 3571(b)(3). Koestner appeals, arguing the fine is substantively unreasonable. We deferentially review the reasonableness of a sentence for abuse of discretion. "[I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted). We affirm.

Koestner argues that the district court abused its discretion because it based the amount of the fine on his financial means, not on the nature of his offense. This is contrary to U.S.S.G. § 5H1.10, Koestner argues, which instructs that "Socio-Economic Status [is] not relevant in the determination of a sentence." But this advisory Policy Statement does not trump the governing statute, which provides that the district court, in determining the amount of a fine, *must* consider Koestner's "income, earning capacity, and financial resources," in addition to other factors such as "the need to deprive the defendant of illegally obtained gains from the offense." 18 U.S.C. § 3572(a)(1), (5); see U.S.S.G. § 5E1.2(d)(2), which further provides, "The amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive."

Here, Koestner was a relatively wealthy retailer who acquired at least a portion of his wealth by fraudulent abuse of the food stamp program. The district court described Koestner's relevant conduct as "extremely egregious . . . . Defendant systematically exploited the poor, defrauded the State of Iowa out of significant sums of money, and attempted to interfere with the administration of justice." In these circumstances, in lieu of a prison sentence, a substantial fine was appropriate not only to ensure that the sentence was punitive as to Koestner personally, but also to deter other retailers from similar conduct. Thus, the amount of the fine was reasonably

related not only to Koestner's ability to pay a fine, but also to the relevant conduct associated with his offense. There was no abuse of discretion. We reject Koestner's argument that we may not consider the district court's additional explanation of its reasons for imposing an upward variance set forth in its Order denying Koestner's motion to stay the fine pending appeal. Compare Feemster, 572 F.3d at 459 (considering statements made at a post-sentencing hearing).

The judgment of the district court is affirmed.

_____